| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARTHA NIMMER**<br>*Special Assistant Corporation Counsel*<br>Cell: (917) 499-8632 |

May 25, 2021

**VIA ECF**
Hon. Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007



Re:   *M.S. o.b.o. E.S. v. N.Y.C. Dep't of Educ.*, 21-cv-3388 (DLC)(SN)

Dear Judge Cote:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorney's fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"), as well as for this action.

I write to respectfully request a 90-day stay of this action (including the June 25, 2021 initial conference and Defendant's July 13, 2021 deadline to respond to the complaint), pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide those records no later than June 4, 2021. Despite dozens of requests from my office over the past several months in many similar cases brought by the Roller firm, Counsel continues to fail to provide the records in these cases until Defendant seeks orders to compel and to stay. In just the past few weeks, several judges on the Southern District bench have ordered the Roller firm to provide billing records to this office, and have also imposed 90-day stays so that the Defendant can prepare the cases for settlement negotiations. *See J.W. obo M.W. v. NYC Dep't of Educ.*, 21-cv-2300 (GHW)(KNF) (ECF No. 12); *G.S. obo D.S. v. NYC Dep't of Educ.*, 20-cv-10729 (GHW)(DCF) (ECF No. 15) and *J.K. et al v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN) (ECF No. 8). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and

compelling the Roller firm to produce "contemporaneous" billing records to the defendant so that the matters can be settled.[1]

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between a plaintiff's counsel and the DOE, without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed, they are routinely settled without further litigation following negotiations between a plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice. This case, as well as many others filed by the Roller firm, is an outlier in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit.

We do not understand Plaintiff's delay. The records at issue should be easy to produce as they are required to be prepared *contemporaneously* with the work Plaintiff's counsel purports to have performed in the underlying proceeding. Indeed, on September 11, 2020, Judge Woods granted, in-part, the City's motion for a stay after voicing concern over the delay:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

---

[1] Judge Failla noted Ms. Roller's *modus operandi* of unresponsiveness, and issued an order to compel production of billing records in another IDEA fees-only case brought by the Roller firm:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See* Order in *F.S. obo D.M. v. N.Y.C. Dep't of Educ.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9). Indeed, five other judges of the Southern District imposed 90-day stays, and ordered the Roller Firm to provide relevant attorney billing records within a week's time. *See* Order dated September 28, 2020 in *J.S. obo M.S. v. N.Y.C. Dep't of Educ.*, 20-cv-2105 (PAE)(JLC) (ECF No. 10); Order dated September 25, 2020 in *F.S. obo J.M. v. N.Y.C. Dep't of Educ.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9); Order dated September 24, 2020 in *J.J. obo J.J. v. N.Y.C. Dept. of Educ.*, 20-cv-05214 (JGK)(SDA) (ECF No. 7); Order dated September 24, 2020 in *M.D. obo I.F. v. N.Y.C. Dep't of Educ.*, 20-cv-00694 (CM)(DCF) (ECF No. 14); Order dated September 11, 2020 in *H.D. obo E.D. v. N.Y.C. Dep't of Educ.*, 20-cv-2238 (KPF)(GWG) (ECF No. 14).; Order dated October 1, 2020 in *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN) (ECF No. 6); Order dated May 19, 2021 in *K.R. obo L.S. v. N.Y.C. Dep't of Educ.*, 21-cv-2299 (JPC)(SN) (ECF No. 11); and Order dated May 20, 2021 in *P.F. obo J.F. v. N.Y.C. Dep't of Educ.*, 20-cv-10513 (JPC) (BCM) (ECF No. 16).

2

*See S.T. obo J.T. v. N.Y.C. Dep't of Educ.*, 20-cv-3816 (GHW)(RWL) Transcript 9/11/20 (emphasis added) excerpt annexed hereto.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days. Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than June 4, 2021.

Thank you for considering these requests.

Respectfully submitted,

/s/
Martha Nimmer
Special Assistant Corporation Counsel

cc: Irina Roller, Esq. (via ECF)

*Granted. So ordered.*

*Denise Cote*
*5/25/21*

3